IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL IRWIN, § 
§ No. 382, 2015
Defendant Below, §
Appellant, § Court Below–Superior Court of
§ the State of Delaware
v. §
§ Cr. ID No. 1309012464
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: December 3, 2015
Decided: February 2, 2016

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

**O R D E R**

This 2nd day of February 2016, having considered the Rule 26(c) brief and motion to withdraw filed by the appellant's counsel and the response filed by the State of Delaware, it appears to the Court that:

(1) On March 19, 2015, the appellant, Michael Irwin, pled guilty to one count each of Drug Dealing, Tampering with Physical Evidence, and Resisting Arrest. On June 24, 2015, after a presentence investigation, Irwin was sentenced to a total of twelve years at Level V suspended after five years for six months at Level IV home confinement followed by probation. This is Irwin's direct appeal.

(2) On appeal, Irwin's appellate counsel ("Counsel")[1] has filed a no merit brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)").[2] Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel represents that he provided Irwin with a copy of the motion to withdraw and the accompanying brief and informed Irwin of his right to identify any points he wished this Court to consider on appeal. Irwin has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[3] Additionally, the Court must conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[4]

---

[1] Irwin had different counsel in the Superior Court.

[2] *See* Del. Supr. Ct. R. 26(c) (governing criminal appeals without merit).

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[4] *Penson v. Ohio*, 488 U.S. at 81-82.

2

(4)     In this case, having conducted "a full examination of all the proceedings" and having found "no nonfrivolous issue for appeal,"[5] the Court concludes that Irwin's appeal "is wholly without merit."[6]   The Court is satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Irwin could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

---

[5] *Id.* at 80.

[6] *Supra* note 2.

3